IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM ANDREWS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  CAUSE NO. 3:13-CV-1019 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

William Andrews, a *pro se* prisoner, filed an amended habeas corpus petition challenging a prison disciplinary proceeding. (DE 4.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. For the reasons set forth below, the petition (DE 4) is **DISMISSED WITH PREJUDICE.**

BACKGROUND

In cause number ISP # 13-05-0280, Andrews was found guilty of possession/use of a controlled substance. The charge was based on the fact that Andrews had tested positive for marijuana in a drug test conducted on May 18, 2013. (DE 4-1 at 4.) He was originally found guilty on May 29, 2013, but the facility head reversed the guilty finding on appeal because Andrews had not received 24 hours notice prior to the hearing. (DE 4-1 at 1.) The case was remanded for a new hearing. (*Id.*) On remand, he was again found guilty. (*Id.*

at 8.) As a result, he lost 30 days of earned time credits, among other sanctions. (*Id.*) Thereafter, he filed a petition seeking federal habeas relief. (DE 1.) His original petition was stricken as unduly vague (DE 3), and he then filed the present petition. (DE 4.)

DISCUSSION

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Here, Andrews raises one claim in his petition: that his constitutional rights were violated because he did not receive 24 hours notice prior to the original hearing. (DE 4 at 2.) He is correct that this is one of the rights afforded by *Wolff*, but the documents he submits show that the facility head corrected this procedural error by granting him a new hearing. Andrews nevertheless asserts that under the principle of "fruit of the poisonous tree," the entire charge had to be thrown out. (DE 4-1 at

7.) There is no such principle or requirement under *Wolff*.[1] He may be trying to argue that double jeopardy principles prevented the facility from retrying him on this same charge, but he is incorrect. Double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

CONCLUSION

For the reasons set forth above, the petition (DE 4) is **DISMISSED WITH PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

DATED: November 7, 2013              /s/RUDY LOZANO, Judge
                                     United States District Court

---

[1] Although unclear, he may be referencing the exclusionary rule, which requires the suppression of evidence in a criminal case when it was wrongfully obtained by police in violation of the Fourth Amendment. *See Brock v. United States*, 573 F.3d 497, 499 (7th Cir. 2009). Evidence obtained as a result of an illegal search or seizure is sometimes referred to as the "fruit" of a "poisonous tree." *See generally United States v. Slone*, 636 F.3d 845, 849 (7th Cir. 2011). This rule has no conceivable applicability here.